ACCEPTED
03-14-00765-CV
4730228
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 2:36:17 PM
JEFFREY D. KYLE
CLERK

NO. 03–14–00765–CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/1/2015 2:36:17 PM
JEFFREY D. KYLE
Clerk

NANCY JO RODRIGUEZ,

APPELLANT,

V.

THE WALGREEN COMPANY AND SARA ELIZABETH MCGUIRE,

APPELLEES.

On Appeal from the 419th District Court
Travis County, Texas

**REPLY BRIEF OF APPELLEES**

JUDITH R. BLAKEWAY
State Bar No. 02434400
judith.blakeway@strasburger.com
CYNTHIA DAY GRIMES
State Bar No. 11436600
Cynthia.Grimes@strasburger.com
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
(210) 250-6003 Telephone
(210) 258-2706 Facsimile

**ATTORNEYS FOR APPELLEES**

# Table of Contents

Table of Contents ....................................................................................... ii

Table of Authorities .................................................................................. iii

Argument.....................................................................................................1

    I.      Mr. Hardy's opinion is speculative and conclusory.............................1

    II.    Mr. Hardy's report fails to distinguish between multiple defendants.......................................................................................2

    III.   Dr. Breall's report does not cure the deficiencies in Mr. Hardy's report..........................................................................................2

    IV.   Mr. Hardy is not qualified as a practicing pharmacist. .........................4

Conclusion ..................................................................................................5

Certificate of Service .................................................................................6

Certificate of Compliance ..........................................................................6

1795069.1/SPSA/87282/0138/040115

# Table of Authorities

**Page(s)**

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 74.402(a)(2) ..........................................................4

TEX. CIV. PRAC. & REM. CODE § 74.402(b)(1) ..........................................................4

1795069.1/SPSA/87282/0138/040115

## Argument

### I.  Mr. Hardy's opinion is speculative and conclusory.

When confronted with the undisputable problem that there is nothing in Mr. Hardy's report establishing that Walgreen or McGuire were ever informed of Dr. Kessler's advice to stop Pradaxa, Ms. Rodriguez abandons her argument that Walgreen continued to dispense Pradaxa after the prescribing physician indicated it should be discontinued. Instead, she now argues that Walgreen and McGuire were at fault because they failed to verify with the prescribing physician that the prescription for Pradaxa should be continued. Reply Brief at 8. This, Ms. Rodriguez says, fixes the problem that there is nothing in Mr. Hardy's report indicating that Walgreen and McGuire were ever aware that Dr. Kessler recommended that Pradaxa be discontinued. Reply Brief at 8–9.

But this new theory does nothing to cure the speculative nature of Mr. Hardy's report. Instead of relying on the assumption that Walgreen and McGuire were aware of Dr. Kessler's advice to discontinue Pradaxa, the report now instead relies upon the unstated assumptions that Dr. Goswami—the prescribing physician—knew of Dr. Kessler's advice when the prescription was refilled and would have told Walgreen not to refill it. Yet, there is nothing in Mr. Hardy's report that even remotely supports the speculation that had Walgreen or McGuire contacted Dr. Goswami at the time of the initial prescription on

February 14, 2012 or when the prescription was refilled on March 16, 2013, Dr. Goswami was aware of Dr. Kessler's recommendation or would have communicated it to Walgreen or McGuire. His report is simply silent on these critical facts. Otherwise put, the report now relies on the speculation that Goswami—rather than Walgreen or McGuire—knew of Dr. Kessler's advice and the further conjecture that had Walgreen called him or his office, that advice would have been accurately conveyed to Walgreen before Walgreen filled the prescription. There are simply no facts in the report supporting those assumptions.

## II. Mr. Hardy's report fails to distinguish between multiple defendants.

To counter Mr. Hardy's admitted failure to distinguish between Walgreen and McGuire's negligence, Plaintiff asserts that because Walgreen was vicariously liable for McGuire, there is no need to distinguish between their conduct. But Plaintiff never pleaded that Walgreen was vicariously liable for McGuire under *respondeat superior* or any other theory and in fact asserted claims against Walgreen for its own direct negligence. C.R. 7. So the vicarious liability theory fails to save the deficient report.

## III. Dr. Breall's report does not cure the deficiencies in Mr. Hardy's report.

Ms. Rodriguez contends that Dr. Breall's report fixes the flaws in Mr. Hardy's report. There is absolutely nothing in the report, however, that supports that notion. Like Mr. Hardy's, Dr. Breall's report says nothing about to

whom Dr. Kessler's advice to stop Pradaxa was communicated, whether the prescription that was used by Ms. Rodriguez predated the advice, or any other circumstances under which Ms. Rodriguez continued to refill her prescription. Dr. Breall simply does not provide facts to establish the causal link between Walgreen's alleged breach and Ms. Rodriguez's injuries.

Far from supporting Ms. Rodriguez's theory that if Walgreen had contacted the prescribing physician—Dr. Goswami—he would have told Walgreen to discontinue Pradaxa, Dr. Breall's report in fact suggests just the opposite. His report indicates that Dr. Goswami did not know Dr. Kessler advised stopping Pradaxa, ("This request to stop the medication was not appreciated by a primary cardiologist, Dr. Vivek Goswami," C.R. 44), and therefore, would not have communicated that advice to anyone. Dr. Breall's report further exonerates the pharmacists by suggesting that the doctor's office did authorize the refills: "Ms. Rodriguez appeared to be obtaining refills for this medication authorized by nurses and staff of the same heart group who recommended discontinuing this medication (Austin Heart)." C.R. 44. If anything, Dr. Breall's report supports an inference that if Walgreen or McGuire had contacted Dr. Goswami or the nurses or staff of his group, they would have continued to authorize refills. In any event, there is nothing in his report that would support the opposite conclusion.

**IV.  Mr. Hardy is not qualified as a practicing pharmacist.**

In response to Walgreen's argument that he is not "practicing healthcare in a field of practice that involves the same type of care or treatment as that delivered by the defendant health care provider . . . at the time the claim arose," TEX. CIV. PRAC. & REM. CODE §74.402(b)(1), Mr. Hardy responds that he is qualified as a pharmacy consultant and a licensed pharmacist.  TEX. CIV. PRAC. & REM. CODE §74.402(a)(2).  But his curriculum vitae reveals that his experience has not been in filling prescriptions but rather in information technology:  "Experience in implementation and management of healthcare information technologies;" "Design and support expert on Medication Use tools in electronic health records"; "Responsible for direction and management of technology–related pharmacy services"; "Operational information systems clinical content manager"; "Strategic representative for healthcare automation customers"; "Command technology leader"; "Automated Medication System upgrade implementation".  C.R. 13–14.

Accordingly, there is no showing that he is qualified by training or experience to opine on Walgreen or McGuire's conduct in dispensing medication for a retail pharmacy chain or at the time the claim arose was practicing health care in the same type of care or treatment as the defendants.  For this additional reason, the trial court did not abuse its discretion in finding that Mr. Hardy's report did not satisfy the statutory requirements.

## Conclusion

The trial court was correct in dismissing the claims against Walgreen and McGuire. Its order should be affirmed.

Respectfully submitted,

*/s/ Judith R. Blakeway*
JUDITH R. BLAKEWAY
State Bar No. 02434400
judith.blakeway@strasburger.com
CYNTHIA DAY GRIMES
State Bar No. 11436600
Cynthia.Grimes@strasburger.com
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
(210) 250-6003 Telephone
(210) 258-2706 Facsimile

**ATTORNEYS FOR APPELLEES**
**THE WALGREEN COMPANY AND**
**SARA ELIZABETH MCGUIRE**

## CERTIFICATE OF SERVICE

Pursuant to E-Filing Standing Order, I certify that on April 1, 2015, I electronically filed the foregoing with the Clerk of Court using the EFile.TXCourts.gov electronic filing system which will send notification of such filing to the following:

Lannie Todd Kelly
State Bar No. 24035049
THE CARLSON LAW FIRM, P.C.
11606 N. IH–35
Austin, TX 78753
Telephone:  (512) 346–5688
Facsimile:  (512) 719–4362
tkelly@carlsonattorneys.com
*Attorneys for Appellant Nancy Jo Rodriguez*

*/s/ Judith R. Blakeway*
JUDITH R. BLAKEWAY


## CERTIFICATE OF COMPLIANCE

In accordance with Tex. R. App. P. 9.4(i)(1), I hereby certify that this Reply Brief of Appellees contains no more than 925 words.

*/s/ Judith R. Blakeway*
JUDITH R. BLAKEWAY